<hr/>

No. 3194.—C. LANDRY, etc., v. M. LANDRY et als.

Notes that have been given by the different partners in settlement of a partnership, which have fallen into third hands after maturity, can only be enforced against the makers thereof to the extent to which each member be found to be indebted to the partnership. In such a case the third holders, after maturity, acquired no greater rights to the notes in their possession than the partnership itself would have had, had they remained in the possession of its agent for final settlement.

APPEAL from the Fifth Judicial District Court, parish of Iberville. Posey, J. Talbot & Petit, for plaintiffs and appellees. William B. Robertson, for intervenors and appellants.

HOWELL, J. An ordinary partnership for planting purposes was formed in 1852, to continue to the first of January, 1862, under the name of B. A. Landry & Co., not to be dissolved by the death of one or more members, and was composed of B. A. Landry, Caroline Landry, wife of D. Breaux, M. Landry, O. Landry, S. Landry, widow of J. A. Riviere, and D. Breaux. They held in common, as coproprietors, certain lands, slaves and movables, described and valued in the act of partnership. The proportion of each was fixed, and the managing agent, B. A. Landry, appointed therein. In December, 1858, five of the partners (B. A. Landry having died) had a settlement, appeared before a notary, acknowledged severally to be indebted to the firm in certain

sums as advances, made their notes respectively for the amount so acknowledged by each, payable in all the month of March, 1862, after the date fixed for the expiration of the partnership, and to secure the payment thereof gave each a mortgage on their undivided individual interests in the lands and slaves. These notes were at the time delivered to M. Landry, who had been appointed the agent.

In April, 1867, the plaintiff, a maker of one of the notes, instituted this suit on them for the use and benefit, as alleged, of the firm. Pending the suit, after default but before answers were filed, the notes were seized, in April, 1868, under a garnishment process on an execution in the suit of A. Mire *v.* B. A. Landry & Co.; were bought at a sheriff's sale thereunder by the plaintiff in the writ; subsequently sold again at a probate sale and bought by one A. Levert, Jr., who intervened herein in April, 1869, to prosecute the suit to judgment, with recognition of mortgage in his favor as owner and holder of the notes against each maker. Defenses were here made by all the makers or their legal representatives, and also the representatives of the first deceased partner, B. A. Landry, that said notes were intended as mere acknowledgments of sums of money received by the partners, to be accounted for at the final liquidation of the partnership and partition of its assets; that this suit was instituted by C. Landry simply as a precaution to prevent the accruing of prescription, and not to enforce payment except in final settlement; that some of the makers are not indebted to, but creditors of the firm; that those who are debtors have withdrawn from the partnership more than their share, and have no interest subject to mortgage; and that a settlement and partition are necessary. They pray that the intervention of Levert, Jr., be dismissed, that an inventory and sale of the partnership property be made, and the parties referred to a notary for a final partition. To this demand for a partition the intervenor excepted. Several other suits against some of the partners and against the firm were consolidated with this, and all tried together. Pending the proceedings the property was sold by consent, and on the prayer of the intervenor, Levert, the proceeds held subject to the order of court. Judgment was rendered against the demand of said intervenor on the notes, but ordering him to be paid with preference the amount of two judgments held by him against the firm, and referring the other parties to a notary for a final partition. From this judgment A. Levert, Jr., appealed.

Under the circumstances the partners had the right to show how the notes originated, the object of making them, and that they did not owe the firm. The intervenor and his assignor or author acquired them long after maturity, and all the defenses could be made to them in his hands that could be in the hands of the payee or firm. He acquired no more rights than the partnership had, and it is fully shown

that this was a mode adopted for conducting the partnership affairs in this respect, and the notes were held to be used only in a settlement among the partners, and the intervenor really acquired nothing by his purchase. Much of the litigation was useless, and some of it baseless, but we think the district judge has correctly solved the matters before him.

Judgment affirmed.